IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARK FOCHTMAN,** *et al.*                                                    **PLAINTIFFS**

**v.**                      **Case No. 5:18-cv-05047-TLB**

**DARP, INC.,** *et al.*                                                     **DEFENDANTS**

**PLAINTIFFS' RESPONSE TO HENDREN PLASTICS, INC.'S
MOTION FOR A MORE DEFINITE STATEMENT**

### I. INTRODUCTION & PROCEDURAL BACKGROUND

1. Defendant Hendren Plastics, Inc. filed a pleading titled "Answer to Plaintiffs' Class Action Complaint and Motion for a More Definite Statement." (Doc. 38). Hendren's motion is procedurally improper, has no merit, and should be denied.

2. Plaintiffs were court ordered to drug "recovery" facilities and, during their time at those facilities, were required to work at for-profit businesses without pay and under threat of incarceration. Plaintiffs originally filed claims against Simmons Foods, Inc., CAAIR, Inc., Hendren Plastics, Inc., and DARP, Inc. in Benton County Circuit Court on October 23, 2017. Simmons removed the case to this Court and Hendren Plastics answered Plaintiffs' original class action complaint on November 15, 2017. *Fochtman v. Simmons Foods, Inc.*, Case No. 5:17-cv-05228-TLB, Doc. 28 (W.D. Ark. Nov. 15, 2017). The Court eventually severed Plaintiffs' claims into two cases: one against Simmons/CAAIR and one against Hendren/DARP. To effectuate severance, the Court ordered Plaintiffs to file an amended complaint, which was filed on March 9, 2018. (Doc. 1).

3. Hendren received two extensions to respond to Plaintiffs' amended complaint (Docs. 5, 11, 12)[1] before filing a motion to dismiss. (Doc. 15). The Court granted the motion to dismiss in part and denied it in part on June 27, 2018. (Doc. 35). As a result, Hendren was supposed to file its Answer on or before July 11, 2018. Fed. R. Civ. P. 12(a)(4)(B). On July 11, 2018, Hendren Plastics filed a document titled "Answer . . . and Motion for a More Definite Statement." (Doc. 38).

4. The Court should deny Hendren Plastics' motion. The *Federal Rules of Civil Procedure* require a motion for a more definite statement be filed before a party responds to the allegations in the Complaint. Fed. R. Civ. P. 12(e). Hendren Plastics has now responded three times. Further, Hendren Plastics does not point out any alleged defects with specificity or highlight any additional detail it desires. The Court should deny the motion.

## II. ARGUMENT

5. Rule 12(e) of the *Federal Rules of Civil Procedure* provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Evid. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Boswell v. Panera Bread Co.*, 91 F.

---

[1] The Court's text order entry granting Hendren Plastic's first motion for extension on March 15, 2018 did not generate a docket number.

Supp. 3d 1141, 1144 (E.D. Mo. 2015). "This is a stringent standard that is rarely met in light of the liberal notice pleading standards of the federal rules[.]" *Perez-Bemotes v. Candy Brand, LLC*, No. 07-CV-1048, 2007 U.S. Dist. LEXIS 89189, at *3 (W.D. Ark. Nov. 21, 2007). "Because of the liberal notice-pleading standard governing federal pleadings and the availability of extensive discovery, Rule 12(e) motions are disfavored." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013). "Therefore, when examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading." *Id.*

6.  Hendren Plastics' motion does not comply with Rule 12(e). The Rule requires that a motion for more definite statement "must be made before filing a responsive pleading[.]" Fed. R. Civ. P. 12(e). Hendren Plastics answered Plaintiffs' original complaint before severance. *Fochtman, et al. v. CAAIR, Inc., et al.*, No. 04-CV-17-2190 (Docs. 8 & 28). After severance, Hendren Plastics filed a motion to dismiss. (Doc. 15). Even now, it answers each paragraph of Plaintiffs' Complaint, although it contends some of its answer are made "without waiving . . . objections. *See* Doc. 38, ¶¶ 1-7, 21, 23-24, 28, 38-42, 44-47, 49-60, 67-69, 73, 75-90. Separate Defendant DARP, Inc. also answered Plaintiffs' complaint. (Doc. 37). As a result, Hendren Plastics' motion for a more definite statement was not made "before filing a responsive pleading" as required by FRCP 12(e). *See Henson Patriot v. Medina*, No. SA-14-CA-534-XR, 2014 U.S. Dist. LEXIS 103655, at *2–3 (W.D. Tex. July 30, 2014); *Ransom*, 918 F. Supp. 2d at 901; *Boswell*, 91 F. Supp. 3d at 1144.

7.  The reason that a motion for a more definite statement must be made "before filing a responsive pleading" is simple. A motion for more definite statement is

only appropriate when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Evid. 12(e). If a party prepares an Answer (or even a motion to dismiss for failure to state a claim), they cannot credibly argue that the allegations are "so vague or ambiguous that the party cannot prepare a response." *Id.* Preparing a response establishes that the allegations are not too vague or ambiguous to prepare a response. *See Boswell*, 91 F. Supp. 3d at 1144 ("the fact that Defendants filed an answer undermines their argument that Plaintiffs' pleadings are so 'unintelligible' that Defendants cannot prepare a reasonable response."); *Henson*, 2014 U.S. Dist. LEXIS 103655, at *2–3 (same); *Ransom*, 918 F. Supp. 2d at 901 (same); *Wycoff v. Nichols*, 32 F.R.D. 369, 370 (W.D. Mo. 1962) (same.); *Skender v. Ameron Int'l Corp.*, Case No. 08-CV-1057, 2009 U.S. Dist. LEXIS 6479, at *6 n.2 (W.D. Ark. Jan. 20, 2009) (same).

8. Further, Hendren does not "point out the defects complained of and the details desired" as required by the Rule. Fed. R. Civ. P. 12(e). Hendren does not explain why any specific paragraph is "so vague and ambiguous that [it] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Instead, it generally objects to approximately 50 paragraphs in Plaintiffs' complaint on a number of different grounds before answering "without waiving said objections." Such a tactic is improper in discovery, *Taylor-Shaw v. Bestway Rent-To-Own*, No. 5:09CV00329 JLH, 2010 U.S. Dist. LEXIS 89639, at *7 (E.D. Ark. July 28, 2010), and there is no reason it should be permitted under Rule 12.

9. Hendren further muddies the issue because its primary complaint seems to be that Plaintiffs' allegations are "irrelevant," "based on hypothetical situations," "argumentative," and "disparaging." (Doc. 38, at *1). Although Plaintiffs disagree that

any of Hendren's complaints have any merit, a motion for a more definite statement can only be used to challenge allegations on vagueness and ambiguity grounds. *Henson Patriot*, 2014 U.S. Dist. LEXIS 103655, at *2–3. Hendren essentially asks the Court to order Plaintiffs to rewrite their complaint to Hendren's satisfaction. Hendren does not identify any authority supporting such a practice, which would waste the resources of the Court and the parties.

10. Hendren's motion for a more definite statement is baseless. The motion is procedurally improper because it was not filed before Hendren's responsive pleading. Hendren does not identify any alleged defects with specificity. Hendren does not use the motion to complain about allegations that it contends are vague and ambiguous. The Court should deny the motion and order Hendren to submit an Answer that omits its improper objections.

### III. CONCLUSION

11. The Court should deny Hendren Plastics' motion for a more definite statement. Hendren Plastics did not comply with Rule 12(e) because it did not file its motion before filing its Answer. Moreover, Hendren Plastics' Answer confirms that Plaintiffs' allegations are not "so vague and ambiguous" that the Company cannot reasonably respond because it has already filed two Answers and a motion to dismiss. There is no basis for Hendren Plastics' motion and it should be denied.

Respectfully Submitted,

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043


/s/Timothy A. Steadman
John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net

## CERTIFICATE OF SERVICE

      I, Timothy A. Steadman, hereby certify that a true and correct copy of the foregoing document was served via CM/ECF on July 25, 2018, which will send notice to all counsel of record.


                                  By:    /s/Timothy A. Steadman
                                              Timothy A. Steadman