IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN; MICHAEL SPEARS;
ANDREW DANIEL; FABIAN AGUILAR;
and SLOAN SIMMS, Individually, and on Behalf of All Others
Similarly Situated; and CORBY SHUMATE,
Individually                                                                PLAINTIFFS

V.                              CASE NO. 5:18-CV-5047

DARP, INC.; HENDREN PLASTICS, INC.;
and JOHN DOES 1-29                                                      DEFENDANTS

## OPINION AND ORDER

Currently before the Court is Plaintiffs' Motion for Approval of Proposed Plan of Notice (Doc. 58). Attached to the Motion is the proposed notice to be sent to the class (Doc. 58-1). Plaintiffs propose that Defendant DARP, Inc. ("DARP") provide them with the last known addresses for the approximately 180 class members, and Plaintiffs will then retain a vendor to check these addresses against the United States Postal Service's National Change of Address database to obtain the most current addresses. Plaintiffs will mail the notice forms to class members by regular mail, imprinting Class Counsel's law firm's address in the "return-address" space on each envelope. In the event any mailings are returned, Class Counsel state that they will attempt to find updated addresses and re-mail the notices. Defendants Hendren Plastics, Inc. ("Hendren Plastics") and DARP, Inc. ("DARP") have each filed objections to the proposed notice form, which the Court will address below.

### I. Hendren Plastics' Objections to the Proposed Notice (Doc. 59)

Hendren Plastics contends that Plaintiffs have not created the best notice practicable under the circumstances because "it is highly likely that many of the addresses

obtained from DARP will be outdated and no longer active for the intended recipients." (Doc. 59 at 3). To cure this problem, Hendren Plastics suggests that Plaintiffs obtain the class members' addresses through the Arkansas Department of Community Correction or the Arkansas Department of Correction, either by way of a Freedom of Information Act Request or a subpoena. Hendren Plastics also suggests that the envelopes containing the notice forms be marked "NOTICE TO THOSE WHO WORKED AT HENDREN PLASTICS, INC., DURING THEIR REHABILITATIVE STAY AT D.A.R.P." Finally, Hendren Plastics believes that the language in the proposed notice is too formal and legalistic and will tend to confuse class members about the nature of the claims and the members' legal rights and obligations. Hendren Plastics offers an alternate version of a proposed notice form (Doc. 59-1) that gives further guidance about the case, includes a separate "opt-out" form to be mailed with the notice form, and provides a link to a proposed website where class members may access and review the pleadings filed in the case, among other changes.

Plaintiffs filed a Response to the Objections (Doc. 62), arguing that if the Court approved Hendren Plastics' proposed method for collecting class members' addresses, this would only generate addresses for class members who were sent to DARP through the Arkansas court system, and not through other states' court systems. Furthermore, Plaintiffs maintain there is no plausible reason to believe that the address databases of the Arkansas Department of Community Correction or the Arkansas Department of Correction will be more updated and accurate than DARP's and/or the U.S. Postal Service's databases. Plaintiffs also believe Hendren Plastics' idea to mark the notice envelopes with special writing will have the effect of signaling to class members that the envelopes contain junk mail or solicitations. In any event, Plaintiffs point out that Hendren Plastics has not

2

established that marking the envelopes in some way will improve the chances that the letters will be opened by the class members. Lastly, Plaintiffs flatly disagree with Hendren Plastics that Plaintiffs' proposed notice language is overly legalistic or confusing; Plaintiffs believe Hendren Plastics' proposed notice form (Doc. 59-1) is too long and argumentative, and that, by contrast, Plaintiffs' proposed notice is brief and to the point. Plaintiffs also cite to multiple courts that have found that due process does not require a court to include a separate opt-out form along with the notice. See Doc. 62 at 5 (listing cases).

Upon considering Hendren Plastics' objections to Plaintiffs' proposed notice form, as well as Hendren Plastics' counter-proposal and suggested notice, the Court finds Plaintiffs' version to be concise, clear, and the best form of notice practicable. The Court is unconvinced that an opt-out form should be included with the notice, and the Court finds no fault with Plaintiffs' proposed method of obtaining addresses for the class members. Accordingly, Hendren Plastics' objections are **OVERRULED**.

## II. DARP's Objections to the Proposed Notice (Doc. 63)

DARP also suggests that Plaintiffs' proposed method for obtaining class members' addresses will not be effective. DARP asks the Court to order Plaintiffs to use a commercial database resource entity to help find current mailing addresses for each class member before mailing that member a second notice form (if the first is returned as undeliverable). In addition, DARP asks that Plaintiffs be required to publish the notice in the Arkansas Democrat-Gazette once a week for at least two consecutive weeks. As for Hendren Plastics' proposal to include certain language on the front of each notice envelope, DARP disagrees with the language proposed and points out that it never held

itself out to be a *rehabilitation* program; instead, DARP considered itself a residential drug and alcohol *recovery* program–a distinction DARP finds important. Aside from the above suggestions to improve Plaintiff's proposed notice, DARP otherwise agrees that Plaintiffs' proposal "provides adequate notification." *Id.* at 3.

After considering DARP's objections and Plaintiffs' Response (Doc. 67), the Court remains unconvinced that DARP's suggestions for improvement to the mailing process are necessary. Although DARP contends Plaintiffs should be ordered to use a commercial database resource entity to find more current addresses for envelopes that are returned as undeliverable, Plaintiffs rightly point out that at present it is "unknown how many, if any, mailings will be returned," and regardless, Plaintiffs agree to "use some reasonable method of identifying potential addresses for any notices that are returned." *Id.* at 1-2. As for DARP's suggestion that notice should be published in the local newspaper, Plaintiffs respond that DARP's concerns about the likelihood of multiple class members' addresses being returned as undeliverable are unfounded. In Plaintiffs' view, even if a small number of class members become difficult to locate, this does not justify the expense of publishing the notice form in the newspaper.

The Court agrees with Plaintiffs that there does not appear to be a factual basis for believing, at least at this time, that a significant number of class members' addresses provided by DARP will be inaccurate, or that Plaintiffs' proposed method for identifying the addresses will result in such little success that the Court should order Plaintiffs to publish the notice in the newspaper. DARP's objections are therefore **OVERRULED**.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Approval of Proposed Plan of Notice (Doc. 58) is **GRANTED**. The Court finds that the proposed notice (Doc. 58-1) meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and Class Counsel is granted leave to distribute the notice to class members in the manner set forth in the Motion.

**IT IS FURTHER ORDERED** that Defendant DARP, Inc. produce the names and addresses of each class member to Class Counsel within **ten days** of the file date of this Order.

**IT IS SO ORDERED** on this 25th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE