IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN, *et al.*, Individually,
and on Behalf of All Others Similarly Situated                     PLAINTIFFS

V.                          CASE NO. 5:18-CV-5047

DARP, INC.; HENDREN PLASTICS, INC.;
and JOHN DOES 1-29                                                 DEFENDANTS

## OPINION AND ORDER

Now pending before the Court are Defendant DARP, Inc.'s ("DARP") Motion to Stay Order Granting Plaintiffs' Proposed Plan of Notice (Doc. 69) and Defendant Hendren Plastics, Inc.'s ("Hendren Plastics") Motion for Reconsideration (Doc. 72) of the Court's Order granting class certification. Both Motions bring to the Court's attention that *after* the Court certified a class action under Rule 23 of the Federal Rules of Civil Procedure, and *after* the Eighth Circuit denied Defendants' separate petitions for permission to appeal the class certification decision on an interlocutory basis, *see* Doc. 64-1, the Arkansas General Assembly passed Act 853 (Doc. 74-8), which purports to amend the Arkansas Minimum Wage Act ("AMWA") in a number of material ways. The parties advise that the Act will become law in July of 2019; however, Defendants both contend that at least two of the new provisions of the Act should be retroactively applied, and that retroactive application warrants either staying the issuance of class notice or reconsidering and reversing the Court's decision on class certification altogether. Plaintiffs filed a single Response (Doc. 74) in opposition to both of Defendants' motions, which the Court has also considered.

1

After reviewing the briefing on the motions, as well as the text of Act 853, it appears that DARP's motion focuses on only one amendment to the Act, while Hendren Plastics' motion focuses on that amendment, plus one more. Of course, Act 853 contains multiple amendments to the AMWA, but since Defendants base their requests for relief on only two of those amendments, the Court will confine its discussion to the two amendments discussed in the motions. They are:

> (1) a new requirement that employees who wish to become "party plaintiffs" to an AMWA class action first give consent in writing, or "opt in" to such actions (Act 853, Section 4); and
>
> (2) the elimination of the $0.30 per-hour cap on the value of employer-provided, in-kind services to employees, such as board, lodging, apparel, and facilities (Act 853, Section 2).

(Doc. 74-8).[1]

The Court begins its analysis with DARP's and Hendren Plastics' argument that the new "opt in" class action requirement of Act 853 should be given retroactive application to the instant case. According to the Arkansas Supreme Court, an amendment to an existing law is generally presumed to apply *prospectively*, rather than retrospectively, unless otherwise stated in the text of the amendment itself. *Bean v. Office of Child Support Enf't*, 340 Ark. 286, 296 (2000). Here, the text of Act 853 does not indicate that its provisions are to be given retroactive effect.

There is an exception to this rule of retroactivity, and it applies when an amendment is considered procedural or remedial in nature, rather than substantive. A

---

[1] Numerous other changes appear in the Act, including the repeal of Ark. Code Ann. § 11-4-204 (Section 1); the new requirement that an employee provide proof of a willful violation before claiming liquidated damages (Section 3); and the reduction of the statute of limitations from three years to two years (Section 5). *Id.*

2

procedural or remedial amendment should be considered retroactive even if the Arkansas legislature does not specify that intent in the text of the amendment itself. *Bean*, 340 Ark. at 297. In general, when an amendment to a particular law provides a new or more appropriate remedy to enforce an already existing right or obligation, the change is considered procedural; but when an amendment "disturb[s] vested rights, or create[s] new legal obligations," the change is considered substantive. *Id.* To determine whether an amendment is remedial, a court must consider "the spirit which promoted its enactment, the mischief sought to be abolished, and the remedy proposed." *Id.*

In analyzing the new "opt in" requirement for AMWA class actions, as contained in Act 853, the Court finds that it is procedural in nature, rather than substantive. Even so, that amendment will not be given retroactive application here due to the Supreme Court's holding in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 409 (2010). In *Shady Grove*, the Court determined that Rule 23, which is, of course, a federal rule of procedure, trumps any state law that is also procedural in nature and that conflicts with it. As Justice Scalia, writing for the Court, explained, a plaintiff litigating in federal court "may bring his claim in a class action if he wishes," as "Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts.'" *Id.* at 400 (quoting Fed. R. Civ. P. 1) (emphasis in original).[1]

We are in federal court, not state court, and the class in the case at bar was certified under Federal Rule of Civil Procedure 23. As such, it remains an "opt out" class, and Act 853's purported amendment does not apply. Since Defendant DARP, Inc.'s

---

[1] Justice Scalia's plurality opinion held that Rule 23 always preempts the conflicting state law, regardless of whether the state law is procedural or substantive in nature; but Justice Stevens's concurring opinion held that Rule 23 only preempts a conflicting state law that is procedural in nature. As this Court finds that the opt-in amendment to the AMWA, as explained in Act 853, is procedural, rather than substantive, both Justice Scalia's and Justice Stevens's tests are satisfied.

Motion to Stay (Doc. 69) is premised entirely on the retroactive application of the "opt in" requirement of Act 853, **IT IS ORDERED** that the Motion is **DENIED** for the reasons stated above.

Hendren Plastics' Motion to Reconsider argues that the Court's decision to grant class certification should be reconsidered for two reasons. First, Hendren Plastics maintains that Act 853's new opt-in requirement necessitates reconsideration of class certification. As explained above, that argument is rejected because the Act's opt-in provision is trumped by Rule 23. Second, Hendren Plastics contends that the Court should reconsider its Order because of the Act's elimination of the $0.30 per-hour cap on the value of employer-provided, in-kind services. This second argument merits a bit more discussion.

The Court disagrees with Hendren Plastics that any aspect of the class certification Order turned on the existence of the $0.30 cap. The Order emphasized that all class members received the same types of in-kind compensation from DARP (meals, lodging, and other amenities) when they resided there. The Order also observed that the Court was "not persuaded" that any variations in the particular in-kind benefits that the residents received "were so significant that they cannot be easily accounted for in the calculation of damages, if such becomes necessary." (Doc. 53 at 9). Finally, though the Court did note that the $0.30 statutory cap on in-kind credits "would make the damages calculation a bit more straightforward than Defendants would have the Court believe" (if it came to calculating damages at all), the bottom line was that "[a]ny variations in the in-kind benefits DARP provided to its residents [were] not significant enough to defeat class certification, in the Court's view." *Id.* at 10.

For a court order to merit reconsideration under Rule 60(b), the movant must identify some mistake in the order, or else identify newly discovered evidence that the

court did not previously consider before issuing the order. Fed. R. Civ. P. 60(b). Alternatively, reconsideration could be warranted if the movant pointed the court to another party's commission of fraud, misrepresentation, or other misconduct that would justify reconsideration of the court's earlier decision. *Id.* Taken together, what all of this means is that a request for reconsideration of a court order is "extraordinary relief" that should only be granted "upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quotation and citation omitted). Here, Hendren Plastics has not identified any reason under Rule 60(b) to reconsider the Court's class certification Order. Even if Section 2 of Act 853 were given retroactive effect— which is a big "if," in the Court's view—the deletion of the statutory cap on the valuation of in-kind services would not cause the Court to find that class treatment was inappropriate here, or that the commonality requirement of Rule 23 was not met. For all these reasons, **IT IS ORDERED** that Defendant Hendren Plastics, Inc.'s Motion for Reconsideration (Doc. 72) of the Court's Order granting class certification is **DENIED**.

**IT IS SO ORDERED** on this 30th day of April, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE