IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN, et al., Individually,
and on Behalf of All Others Similarly Situated             PLAINTIFFS

V.                    CASE NO. 5:18-cv-5047

DARP, INC. and HENDREN PLASTICS, INC.                      DEFENDANTS

## SUPPLEMENTAL OPINION AND ORDER

On September 27, 2019, the Court issued a Memorandum Opinion and Order (Doc. 135) on the parties' cross-motions for summary judgment. The Court denied Defendant DARP, Inc.'s ("DARP") and Defendant Hendren Plastics, Inc.'s ("Hendren") motions, but granted in part and deferred ruling in part on Plaintiffs' motion. In particular, the Court granted Plaintiffs' motion for summary judgment with respect to liability, finding that the Defendants are jointly and severally liable for damages owed to the class for their failure to pay minimum-wage and overtime compensation. See id. at 28. With respect to the calculation of damages, however, the Court deferred its ruling in favor of receiving supplemental briefing on two of Defendants' affirmative defenses. In particular, the Court asked the Plaintiffs to consider: (1) whether Defendants were entitled to a credit against damages for the value of in-kind services provided to the class in an amount equal to the statutory cap of $0.30 per hour, as provided in Section 11-4-213(a) of the Arkansas Minimum Wage Act ("AMWA"); and (2) whether Defendants were entitled to a credit against damages for the value of so-called "stipend" payments that DARP made to certain class members for their successful completion of the program.

1

Plaintiffs filed a Supplemental Brief on damages (Doc. 136) on October 4, 2019. Hendren and DARP filed Supplemental Responses (Docs. 137, 139). On October 17, the Court held a telephonic hearing with counsel for all parties and received oral argument. The Court also directed DARP to file an updated spreadsheet detailing the stipend payments, as discussed in the telephonic hearing. See Doc. 142. DARP emailed the revised spreadsheet to the Court, which it now attaches as an exhibit to this Order. Plaintiffs stipulate that the figures in the revised spreadsheet accurately reflect the stipend payments made to the class members.

Now having obtained additional stipulated facts and the parties' briefing on the last issue remaining in Plaintiffs' Motion for Summary Judgment (Doc. 87), the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' request for damages. In summary, the class members will receive compensatory damages for all regular and overtime hours they worked at Hendren while residing at DARP. The parties agree that these hours translate to $615,308.44 in regular compensation and $20,909.06 in overtime compensation. See Doc. 100, pp. 32–33; Doc. 102, p. 1. Defendants are entitled to the maximum statutory credit against the compensatory damages award for the value of the in-kind services they provided the class members when they resided at DARP's facility. The Plaintiffs stipulate that these in-kind services were actually provided to the class and that the Court should apply the full $0.30-per-hour deduction on all regular hours worked, per Ark. Code Ann. § 11-4-213(a). See Doc. 136, pp. 2-3. The only remaining question to resolve regarding the $0.30-per-hour deduction is whether it applies to regular hours, overtime hours, or both. The Court will address this issue in detail in its discussion below.

2

The Court further finds that Defendants are entitled to a deduction from compensatory damages in the sum of $30,575.82, which is the total amount of stipend payments that DARP made to certain class members upon their completion of the program. Below, the Court will address whether the amount of the stipend should be prorated or reduced in some manner.

Finally, the damages owed to Plaintiffs and class members will also include an award of liquidated damages in an amount equal to compensatory damages. The Court explained in its previous Order the reasons why liquidated damages were justified in this case. *See* Doc. 135, pp. 24-28 (finding that "Defendants have failed to carry their burden of showing they acted in good faith and with reasonable grounds in failing to pay wages to the class").

## I. LEGAL STANDARD

Plaintiffs originally moved for summary judgment on both liability and damages. The Court found in Plaintiffs' favor on liability, and as to damages, the Court determined that Plaintiffs were entitled under the AMWA to an award of compensatory damages for all regular and overtime hours they worked. *See* Doc. 135, p. 20. The Court also found that Plaintiffs had met their burden under Federal Rule of Civil Procedure 56 to show they were entitled to an award of liquidated damages. The Court deferred ruling on two of Defendants' affirmative defenses. Prevailing on these defenses would mean that Defendants would be entitled to receive certain deductions from the compensatory damages award.

Hendren contends in its Supplemental Response that since Plaintiffs are tasked with establishing "the amount of unpaid wages owed," they should also bear the burden

3

of proving the amount of credits to which *Defendants* might be entitled to offset damages. (Doc. 137, p. 7). Clearly, this is an incorrect assessment of the burden of proof on summary judgment. In point of fact, Plaintiffs have already established that they are entitled to both compensatory and liquidated damages. They concede that Defendants are entitled to a credit for the value of in-kind services DARP provided to the class members, but they dispute that Defendants are entitled to a credit for the stipends they paid as a matter of law.

The legal question of whether the stipends should be deducted from compensatory damages is for the Court to decide. As for the amount of the deduction, the burden rests with the Defendants to establish proof of the correct amount—or else that a genuine dispute of material fact exists as to the correct amount. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999); *Jaramillo v. Adams*, 100 Ark. App. 335, 342 (2007) ("When an affirmative defense is raised, the defendant has the burden of proof.").

Here, the Court reopened discovery for a brief period in order to allow DARP to gather proof to substantiate its payment of stipends to certain class members and to provide that proof to Plaintiffs' counsel. At this point, DARP has assembled a spreadsheet (Exhibit 1) that details the names of the class members who received stipends and the amounts of those stipends. Plaintiffs have advised that they do not disagree that the spreadsheet accurately reflects the stipend payments that were made to these members of the class.

4

## II. DISCUSSION

### A. Whether the $0.30-per-hour Credit Applies to Overtime Wages

DARP provided room, board, and other in-kind services to the class members during the time they lived and worked at DARP. According to the version of Ark. Code Ann. § 11-4-213(a) that applies to this case,[1] an employer may deduct a maximum of $0.30 per hour from the wages of its employees to compensate for all in-kind services provided. Plaintiffs contend that this deduction applies only to regular hours worked, while Defendants believe the deduction applies to both regular and overtime hours. For the reasons explained below, the Court finds that Plaintiffs' interpretation of the statute is correct.

The full text of Section 11-4-213(a) of the AMWA is as follows:

> Every employer of an employee engaged in any occupation in which board, lodging, apparel, or other items and services are customarily and regularly furnished to the employee for his or her benefit shall be entitled to an allowance for the reasonable value of board, lodging, apparel, or other items and services as part of the hourly wage rate provided in § 11-4-210 in an amount not to exceed thirty cents (30 cent(s)) per hour.

The important language to focus on is at the tail end of the paragraph. It states that an employer may take an "allowance" for in-kind services "as part of the hourly wage rate *provided in § 11-4-210.*" *Id.* (emphasis added). Section 11-4-210 of the AMWA is titled "Minimum Wage." "Overtime" is separately described in Section 11-4-211. Thus, a straightforward reading of Section 11-4-213(a) makes clear that the employer's allowance

---

[1] *See* Doc. 135, pp. 32–33, for the Court's discussion as to why the Arkansas legislature's recent amendment to this portion of the AMWA does not merit retroactive application in the instant matter.

5

for in-kind services applies to regular hours of minimum-wage work, and not overtime hours.

If the statute itself were not clear enough, both Defendants concede that the administrative rule interpreting the statute states that the $0.30-per-hour credit does not apply to overtime hours. The full text of 010 Ark. Code R. § 14.1-107(D)(1) is as follows:

> An employer of an employee engaged in any occupation in which board, lodging, apparel or other items and services are customarily and regularly furnished to the employee for his or her benefit shall be entitled to an allowance against the minimum wage for the reasonable value of board , lodging, apparel or other services in an amount not to exceed thirty cents (30¢) per hour. *This allowance shall not be included in the wages for hours worked in excess of forty (40) hours per workweek.*

(emphasis added).

Based on the Court's analysis above, DARP is incorrect that there exists a "conflict between the statute and the administrative rule that ostensibly interprets and applies it." (Doc. 139, p. 3). Both the statute and rule provide that the $0.30-per-hour credit does not apply to overtime. Hendren is also incorrect in arguing that Section 11-4-213(a) "does not address the issue of whether the $0.30-per-hour credit only applies to regularly worked hours or includes overtime hours . . . ." (Doc. 137, p. 2). The statute is unambiguous, and if any unclarity did exist, the administrative rule makes plain that the legislature intended to exclude the application of the $0.30-per-hour credit from overtime hours.

In sum, the Court finds that there is no genuine, material dispute of fact as to the calculation of compensatory damages, while factoring in DARP's deduction for in-kind services. The calculation is as follows:

6

### As to regular hours:

76,216.75 hours worked x the minimum wage in effect at the time the work was performed = $615,308.44.

76,216.75 hours x $0.30 per hour = $22,865.025.

$615,308.44 - $22,865.025 = **$592,443.415**.

### As to overtime hours:

1,667.25 hours worked x one-and-a-half times the minimum wage in effect at the time the work was performed = **$20,909.06**.

### Total compensatory damages:

$592,443.415 + 20,909.06 = **$613,352.48**.

### B.  Whether and How DARP's Stipend Payments Should Be Deducted

Plaintiffs argue that the payments DARP made to certain class members for successfully completing the program should not be deducted from damages. They contend that the stipend payments did not constitute deferred wages and were instead intended to serve as a gratuity or bonus in exchange for the class members' compliance with program rules for either a six-month period of time (correlating to a $500.00 stipend) or a twelve-month period of time (correlating to a $1,000.00 stipend). Defendants argue just the opposite. They cite to the AMWA at Section 11-4-218 for the proposition that all payments an employer makes to an employee should be deducted from compensatory damages. The Court agrees.

Ark. Code Ann. § 11-4-218 states:

> (a)(1) Any employer who pays any employee less than the minimum wages, including overtime compensation or compensatory time off as provided by this subchapter, to which the employee is entitled under or by virtue of this subchapter shall:
>
> (A) Pay any applicable civil penalties; and

7

> (B) Be liable to the employee affected for:
>
>> (i) The full amount of the wages, *less any amount actually paid to the employee by the employer*; and
>>
>> (ii) Costs and such reasonable attorney's fees as may be allowed by the court.
>
> (2) The employee may be awarded an additional amount up to, but not greater than, the amount under subdivision (a)(1)(B)(i) of this section to be paid as liquidated damages if the employee proves the violation was willful.

(emphasis added).

There is no Arkansas case law available for guidance, and federal case law is not very helpful because the FLSA's penalty provision does not mirror the above language. Instead, the FLSA states that an employer who fails to comply with the minimum-wage provisions of the statute "shall be liable to the employee or employees affected *in the amount of their unpaid minimum wages* . . . and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b) (emphasis added). Plaintiffs maintain that the phrase "any amount actually paid" in Section 11-4-218(a)(1)(B)(i) of the AMWA logically should be interpreted to mean "any amount *of wages* actually paid," as opposed to "any amount" without qualification. Indeed, this interpretation would seem to be more in line with the FLSA, which focuses on penalties for "unpaid minimum *wages*." But Defendants correctly observe that the AMWA does not specify that only wage payments made by an employer should be subtracted. Instead, the statute contemplates that *any* payments made by an employer to its employees should be credited.

In interpreting a state statute, a federal court must apply that state's rules of statutory construction. *Behlmann v. Century Sur. Co.*, 794 F.3d 960, 963 (8th Cir. 2015). The Arkansas Supreme Court explains its rules of construction as follows:

> The primary rule of statutory interpretation is to give effect to the intent of the legislature. We first construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. In conducting this review, we will reconcile statutory provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. Furthermore, we will not read into a statute language that was not included by the legislature.

*Ark. Dep't of Corr. v. Shults*, 2018 Ark. 94, at *4–*5 (internal citations omitted).

In keeping with Arkansas' rules, the Court is obligated to give the words in Section 11-4-218 of the AMWA their ordinary meaning and not read in any language that was not included by the legislature. Plaintiffs' citations to case law do not advance the Court's understanding on this front, as the cases described in their Supplemental Brief involve the treatment of deferred wages under the FLSA. In the absence of guidance from the Arkansas legislature or Arkansas courts on how to interpret the words "any amount actually paid" in Section 11-4-218(a)(1)(B)(i), the prudent course of action is to permit DARP to deduct the stipend payments made to the class members—as the stipends were "actually paid."

In making the above ruling, the Court rejects Plaintiffs' argument that the stipend payments should be prorated to reflect the fact that some class members who received these payments worked for other employers in addition to Hendren during their time at DARP. Plaintiffs believe that it would be more equitable to prorate the stipend payments to more accurately reflect the hours the class members worked specifically for Hendren, and not for any other employer. But the Court finds itself circling back to the language of Section 11-4-218, which fails to specify that only wage-based payments are entitled to be deducted. Instead, the statute broadly contemplates a deduction for "any amount actually paid to the employee by the employer." Ark. Code Ann. §11-4-218(a)(1)(B)(i). Here, the

Court found that Hendren was a joint employer with DARP, and the parties have stipulated to the amounts DARP paid to the class in the form of stipends. In light of the above discussion, there does not appear to be a legal justification for prorating the stipend payments based on the number of hours each class member worked at Hendren, as opposed to some other joint employer, because there is not a genuine, material dispute of fact that the *full* stipend amounts were paid to these class members.[2]

When factoring in DARP's deduction for the stipend payments, the new computation of **compensatory damages** is as follows:

$613,352.48 - $30,575.82 = **$582,776.66**.[3]

### C. Liquidated Damages Calculation

Section 11-4-218(a)(2) provides that the Court may award liquidated damages in an additional amount "up to, but not greater than, the amount under subdivision (a)(1)(B)(i)"—which is the compensatory damages provision. The Court in its discretion[4]

---

[2] Counsel for DARP agreed on the record during a telephonic status conference on October 17, 2019, that if DARP were sued in the future by these same class members over the hours they worked for a *different* joint employer, DARP would be estopped from claiming the deduction for the stipend payments a second time.

[3] Plaintiffs point out two remaining issues involving the calculation of damages, namely: (1) that two class members apparently received more in stipend payments than they will receive in minimum-wage and overtime damages and (2) that three class members received payments of $250.00 (tacked onto their regular stipends) to compensate them for time spent training for possible future employment. As to the first issue, it strikes the Court that the combination of in-kind services credits and stipend payments should not, in any event, exceed the amount of regular and overtime wages owed to either of these class members. The Court therefore encourages the parties to confer and come to an amicable, equitable resolution to this problem. As to the second issue, the Court believes these "tacked on" amounts qualify under Ark. Code Ann. § 11-4-218(a)(1)(B)(i) as moneys "actually paid to the employee by the employer" that are subject to deduction. *See* Discussion at II.B., *supra*.

[4] *See* Doc. 135, pp. 24–28.

10

finds that **liquidated damages** shall be awarded in this case in an amount equal to compensatory damages: **$582,776.66**. Combining the compensatory damages award with the liquidated damages award yields a **total award** of **$1,165,553.32**.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' request for damages in their Motion for Summary Judgment (Doc. 87) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that all other motions pending in the case are **MOOT**.

**IT IS FURTHER ORDERED** that the parties confer and jointly submit a proposed distribution plan containing the total amounts owed to each class member, the names of any class members who have requested exclusion, the date by which the Defendants will transfer the funds specified in this Order to class counsel for distribution, the method by which these funds will be distributed to the class members, and the procedure for distributing any unclaimed funds. The deadline for submitting this document is **November 26, 2019**.

**IT IS FURTHER ORDERED** that class counsel file their motion for attorneys' fees and costs by **November 26, 2019**.

A final judgment will issue after the Court has calculated the amount of fees and costs to be awarded to class counsel.

**IT IS SO ORDERED** on this 12th day of November, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

11