IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARK FOCHTMAN, et al.**                                                                **PLAINTIFFS**

v.                          CASE NO. 5:18-CV-05047 (TLB)

**DARP, INC.; HENDREN PLASTICS, INC.**                                          **DEFENDANTS**

**NOTICE OF HENDREN PLASTICS, INC.'S
WAIVER OF ENTITLEMENT TO ATTORNEY FEES AND COSTS**

Defendant Hendren Plastics, Inc. (Hendren), for its Notice of Waiver of Entitlement to Attorney Fees and Costs, respectfully states:

1.    On May 27, 2020, Hendren filed a Notice of Appeal in which it appealed, among other things, the Court's April 20, 2020 judgment against DARP and Hendren for $1,167,350.91 in damages, $389,116.97 in attorney fees, and $13,537.85 in costs.

2.    On August 25, 2022, after briefing and oral argument, the U.S. Court of Appeals for the Eighth Circuit entered its opinion in favor of Hendren and DARP because Plaintiffs were not "employees" under the Arkansas Minimum Wage Act. *Fochtman v. Hendren Plastics, Inc.*, 47 F.4th 638 (8th Cir. 2022), *reh'g denied* 2022 WL 4589698 (8th Cir. Sept. 30, 2022). The Mandate issued on October 7, 2022.

3.    On October 14, 2022, the Court contacted all counsel of record by email to advise as follows: "The Court is in receipt of the mandate. Given the 8th Circuit's opinion, it appears the only remaining task on remand is to dismiss Plaintiffs' complaint. If Plaintiffs contend otherwise, please notify chambers by no later than close of business on Tuesday, October 18." Plaintiffs did not object to the Court's intended dismissal.

267305                                                              1

4. For purposes of finality and closure, Hendren provides notice that it waives its entitlement to recover attorney fees, costs, or expenses in this action.

5. Because Hendren was not Plaintiffs' "employer," the matter of attorney fees is not controlled by Ark. Code Ann. § 11–4–218. Rather, the award of fees is controlled by Ark. Code Ann. § 16–22–308, which entitles the prevailing party "in any civil action . . . for labor or services, or breach of contract" to recover reasonable attorney fees "to be assessed by the court and collected as costs."

6. Hendren prevailed on appeal: the time and labor expended by Hendren's appellate counsel resulted in the complete reversal of a judgment against Hendren for $1,167,350.91 in damages, $389,116.97 in attorneys' fees, and $13,537.85 in costs. Accordingly, Hendren—as the prevailing party—is entitled to an award of attorney fees and costs.

7. Hendren knowingly waives its right to recover attorney fees and costs from Plaintiffs. Specifically, Hendren understands that its defense resulted in the expenditure of 2,096.7 hours of billable attorney time, for a total of **$348,107.03**. While attorney rates ranged based on their experience, practice, and the complexity of this litigation, the average billable rate for all hours expended in Hendren's defense amounts to $166.02 per hour: $348,107.03 ÷ 2096.7 = $166.02.[1] Hendren's costs of defense (*e.g.*, deposition transcripts, printing, mailing, and other related taxable expenses) at the district court and on appeal amounted to **$32,336.75**.

---

[1] In appropriate cases, fee awards of $300.00 and $325.00 per-hour are reasonable in Arkansas for seasoned attorneys like those who represented Hendren in the Western District and before the Eighth Circuit. *See, e.g., Flowers v. Penn*, No. 4:18-CV-577-DPM, 2022 WL 3364355, at *2 (E.D. Ark. Aug. 15, 2022). Because Hendren waives its right to fees, costs, and other taxable expenses, Hendren merely summarizes these amounts for purposes of supplying a knowing and voluntary waiver.

8.  Although Hendren is entitled to an award of up to **$380,443.78**, Hendren affirmatively waives its rights under Ark. Code Ann. § 16–22–308. More specifically, despite the enormous costs Hendren incurred in defending its good name and vindicating its rights and interests before the Eighth Circuit, Hendren waives any entitlement to recover against Plaintiffs as the prevailing party.

9.  Hendren's relationship with DARP was never about money. As the Eighth Circuit correctly observed, although Hendren "accepted workers whose checkered histories might well have justified a market-based pay differential," Hendren "paid more than the minimum wage rate to DARP for each hour worked by a DARP participant" and "exceed[ed] the highest minimum wage rates during the time period at issue[.]" The Eighth Circuit credited "the innovative structure in Arkansas" that "enabled the facility, DARP, to maintain its recovery program" at no cost to its participants. Hendren did too. Indeed, Hendren understood that DARP—as confirmed by a sitting drug-court judge and now the Eighth Circuit—is a bona fide, lawful recovery program that served a critical need in the criminal justice system. And out of genuine care, compassion, and empathy for those individuals and their families who struggle with addiction, Hendren agreed to serve as a DARP worksite—not for any pecuniary benefit, but because it steadfastly believed then—as it does now—that drug courts and rehabilitation programs are better alternatives than prison for people with substance abuse problems.

10. An award of fees and costs in Hendren's favor would be antithetical to its genuine, altruistic interest in supporting DARP's mission of helping individuals like Plaintiffs sustain lasting, impactful sobriety.

11. For these reasons, Hendren knowingly waives its right to recover fees and costs as the prevailing party in this litigation; and it requests dismissal of this action.

        Respectfully Submitted,

        Missy McJunkins Duke (ABN 99167)
        Abtin Mehdizadegan (ABN 2013136)
        **CROSS, GUNTER, WITHERSPOON**
          **& GALCHUS, P.C.**
        500 President Clinton Ave., Suite 200
        Little Rock, AR 72201
        Tel: 501.371.9999 | Fax: 501.371.0035
        mduke@cgwg.com
        abtin@cgwg.com